IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| PRINCE E. NICELY,<br><br>                 Plaintiff<br><br>    VS.<br><br>ANTOINETTE GAMBLE,<br><br>                 Defendant | NO.  5:08-CV-62 (CAR)<br><br>PROCEEDINGS UNDER 42 U.S.C. §1983<br>BEFORE THE U. S. MAGISTRATE JUDGE |

## ORDER AND RECOMMENDATION

Plaintiff PRINCE E. NICELY filed the above-captioned lawsuit pursuant to 42 U.S.C.§1983 against numerous defendants. Tab #1.  His COMPLAINT contains, *inter alia,* allegations of deliberate indifference to his serious medical needs.  After an initial review and several court ordered clarifications by the plaintiff, the undersigned deemed several claims and the defendants against whom they were originally lodged as withdrawn. Tab #14.  Thus, the only remaining defendant in this action is nurse ANTOINETTE GAMBLE.  Defendant GAMBLE timely filed a PRE-ANSWER MOTION TO DISMISS citing, among other things, plaintiff's failure to state a claim. Tab#19.  Plaintiff NICELY filed a RESPONSE to defendant GAMBLE's MOTION TO DISMISS. Tab #26. Plaintiff NICELY later filed an amended complaint (Tab #31) in response to which defendant GAMBLE filed a *second* Motion to Dismiss (Tab #33).  Plaintiff NICELY was ordered to and has filed a response thereto.  Tab #36.  Defendant GAMBLE's motions seeking dismissal are the subject of the instant RECOMMENDATION.

### LEGAL STANDARDS

A. MOTIONS TO DISMISS

A complaint is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6), if it does not "state a claim upon which relief can be granted." When ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), all factual allegations in the complaint must be accepted as true, with all reasonable inferences construed in the light most favorable to the plaintiff. *Wagner v. Daewoo Heavy Industries America Corp.*, 289 F.3d 1268, 1270 (11th Cir. 2002), *vacated on other grounds*, 298 F.3d 1228 (11th Cir. 2002); *See also*, *Beck v. Deloitte & Touche*, 144 F. 3d 732, 735 (11th Cir. 1988).

Conclusory allegations and unwarranted deductions of fact, however, are not admitted as true. *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005). Moreover, "[a] complaint is subject to dismissal under Rule 12(b)(6) when its allegations – on their face – show that an affirmative defense bars recovery on the claim." *Marsh v. Butler County, Alabama*, 268 F. 3d 1014, 1022 (11th Cir. 2001) (*en banc*) (citing *Quiller v. Barclays American/Credit, Inc.*, 727 F. 2d 1067, 1069 (11th Cir. 1984) *vacated on petition for rehearing*, *reinstated by* 764 F. 2d 1400 (11th Cir. 1985)).

### B. MEDICAL TREATMENT OF PRISONERS

In *Estelle v. Gamble*, the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain . . . proscribed by the Eighth Amendment." 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251, rehearing denied 429 U.S. 1066, 97 S.Ct. 798, 50 L.Ed.2d 785 (1976). However, the course of treatment is "a classic example of a matter for medical judgment." *Estelle, supra*, at 107, 97 S.Ct. at 293.

At most, a mere allegation of improper or untimely treatment, without more, states a claim of medical malpractice cognizable under state law. *Id. See also Howell v. Evans*, 922 F.2d 712, 719 (11th Cir. 1991).[1] Moreover, *Estelle* specifically states that the question of whether additional diagnostic techniques or forms of treatment are indicated are classic examples of matters for medical judgment and that medical malpractice does not become a constitutional violation merely because the patient is a prisoner. *Estelle, supra*, at 292-93.

### DISCUSSION

Plaintiff NICELY, an inmate in the custody of the Georgia Department of Corrections, filed the above-captioned lawsuit claiming that defendant GAMBLE, a prison nurse, was deliberately indifferent to his serious medical needs when she allegedly changed the dosage of his prescription diabetes medication. More specifically, plaintiff claims that defendant GAMBLE improperly reduced his dosage frequency from twice to once per day. As a result of this change, plaintiff NICELY avers that he fell from a top bunk and injured his face and shoulder. In his amended complaint, plaintiff NICELY alleges that defendant GAMBLE'S actions also constitute fraud on the premise that changing his medication was, in effect, practicing medicine without a license.

---

[1] Vacated pursuant to settlement, 931 F.2d 711 (11th Cir. 1991), reinstated by unpublished order (June 24, 1991), cited in *Howell v. Burden*, 12 F.3d 190, 191 n.* (11th Cir. 1994).

-3-

In both of her motions seeking dismissal, defendant GAMBLE contends that plaintiff NICELY has failed to state a claim.  According to defendant GAMBLE, even if all of the plaintiff's factual allegations are true, they do not amount to a constitutional violation.  The undersigned agrees. It is undisputed that the plaintiff routinely received medical attention and treatment for diabetes and other ailments.  It is also clear that the plaintiff's claim concerns a disagreement about his course of treatment, not the lack thereof.  Pursuant to the above-cited precedent, disagreements about the course of medical treatment, without more, do not rise to the level of a constitutional violation. Accordingly, **IT IS RECOMMENDED** that defendant Gamble's motions seeking summary judgment be **GRANTED**.

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

Also before the court is plaintiff's MOTION FOR A JURY TRIAL.  Tab #40.  In light of the above Recommendation, said motion is **DENIED** as moot

**SO ORDERED AND RECOMMENDED** this 13th day of FEBRUARY, 2009.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE